## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MALONE DRAKKAR,          )
                                 )
           **Plaintiff,**       )
                                 )
**vs.**                           )   **CIVIL NO. 12-277-GPM**
                                 )
**ILLINOIS DEPARTMENT OF** )
**CORRECTIONS, et al.,**          )
                                 )
           **Defendants.**     )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Malone Drakkar,[1] an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving an eleven-year sentence for attempted armed robbery. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] In his complaint, Plaintiff lists his name as "Malone Drakkar," indicating to the Court that Drakkar is his surname. However, he is listed in the online records of the Illinois Department of Corrections as "Drakaar Malone," with his surname being Malone. http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx(last visited May 24, 2012).

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff, a Rastafarian, alleges that he was forced to have his dreadlocked hair removed, though he does not indicate where or on which date this incident occurred. Plaintiff alleges that the hair was a tenet of his religious faith, and that it posed no security threat to the Illinois Department of Corrections because he was in segregated confinement at the time it was removed. Plaintiff

neither identifies the individual(s) who ordered his hair to be removed nor those who carried out the order.  He seeks a jury trial and damages.

**Discussion**

**Violation of Religious Rights**

It is well-established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Amin v. Gramley,* 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases).  On the other hand, a prison's action that substantially burdens an inmate's religious exercise may nevertheless be valid if the "defendant's procedures and conduct were 'in furtherance of a compelling government interest' and 'the least restrictive means of furthering that compelling government interest'[.]"  *Nelson v. Miller*, 570 F.3d 868, 880 (7th Cir. 2009) (citing *Thomas v. Review Bd. of Indiana Employment Sec. Div.*, 450 U.S. 707, 719 (1981); 42 U.S.C. 2000cc-1(a)(1) & (2); *Koger v. Bryan*, 523 F.3d 789, 800 (7th Cir. 2008)).  Such compelling interests include inmate security and the proper allocation of limited prison resources.  *See O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348, 352-53 (1987); *Turner v. Safley,* 482 U.S. 78, 89-90 (1987); *Al-Amin,* 926 F.2d at 686.

Plaintiff contends that his religion, Rastafarianism, requires him to have dreadlocked hair.

> The Rastafarians are a religious sect that originated among black people in Jamaica but that has adherents among American blacks as well. Its tenets, most of which are derived by interpretation of passages in the Bible, are that Haile Selassie, the deposed emperor of Ethiopia, is God and that Marcus Garvey (the Pan-African leader of Jamaican extraction) is his Prophet; that Ethiopia is heaven, and Jamaica hell; that the Rastafarians are the reincarnation of the ancient Israelites, and are the chosen people; that men should not shave, cut, or comb their hair (hence the "dreadlocks," which apparently are the natural result of letting one's hair grow wild); that black

people are superior to white people and are destined eventually to rule the earth; that marijuana is a holy herb; and that meat should not be eaten.

*Reed v. Faulkner*, 842 F.2d 960, 962 (7th Cir. 1988); *see also Grayson v. Schuler*, 666 F.3d 450, 454 (7th Cir. 2012) (noting that the wearing of dreadlocks is a Rastafarian religious observance with symbolic significance).

Since dreadlocked hair is a tenet of the Rastafarian faith and Plaintiff is Rastafarian, Plaintiff's religious exercise was substantially burdened when he was forced to remove his dreadlocked hair. The fact that he was in segregated confinement at the time of the hair removal suggests the removal might not have been in furtherance of a compelling government interest such as inmate security. Therefore, Plaintiff may have a claim for violation of religious rights, but the question remains whether he has stated a claim against any of the named Defendants.

**Defendants Illinois Department of Corrections and Godinez**

Plaintiff cannot maintain his suit against either of the named Defendants because he fails to link them to the alleged unconstitutional conduct. Plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim,' in order to 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Furthermore, Plaintiff cannot maintain this action against the Defendant Illinois Department of Corrections because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).

Additionally, Plaintiff cannot maintain his suit against Defendant S.A. Godinez (the Director of the Illinois Department of Corrections) because he does not allege that Defendant Godinez was personally responsible for the alleged unconstitutional conduct. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987).

**Unidentified Defendants**

While Plaintiff's complaint does not overtly make claims against Defendant John Doe or Defendant Correctional Officer, presumably, Plaintiff claims that one of these Defendants was responsible for removing his dreadlocks. Though listed in the case caption as separate Defendants, the body of Plaintiff's complaint suggests that Defendant John Doe and Defendant Correctional Officer are one and the same. As discussed above, Plaintiff may have a viable claim against the

individual(s) who made and/or carried out the decision to remove his dreadlocks. However, until Plaintiff identifies those individuals by name, the matter cannot proceed further. Therefore, the Court will grant Plaintiff leave to amend his complaint in order to identify the John Doe Defendant(s).

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff fails to state a claim against Defendants Illinois Department of Corrections and S.A. Godinez upon which relief may be granted. Therefore, Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS** is **DISMISSED** from this action with prejudice and Defendant **S.A. GODINEZ** is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed on his claim, Plaintiff shall file his First Amended Complaint, naming the individual Defendants directly responsible for the alleged deprivations, within 35 days of the entry of this order (on or before July 5, 2011).

Plaintiff is **ADVISED** that the First Amended Complaint shall contain ONLY the claim for violation of religious rights described in this order, and shall name ONLY those Defendants directly and personally responsible for the allegedly unconstitutional acts. In addition, Plaintiff should specify where and when these acts took place, and shall inform the court as to whether his surname is Malone or Drakkar. Should the First Amended Complaint not conform to these requirements, it shall be stricken and the entire case may be dismissed. Failure to file an amended complaint may result in dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the

First Amended Complaint must stand on its own, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

Service on the Defendants shall not be commenced until after the Court reviews the First Amended Complaint pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: May 30, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge